IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA
CIVIL DIVISION

CASE NO.:

BILLIE HATFIELD,

    Plaintiff,

vs.

COSTCO WHOLESALE
CORPORATION,

    Defendant.
_____ /

## COMPLAINT

COMES NOW Plaintiff, BILLIE HATFIELD, and sues Defendant, COSTCO WHOLESALE CORPORATION, and alleges:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Volusia County, Florida.

1

3. At all times material to this action, COSTCO WHOLESALE CORPORATION, is a Foreign Profit Corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 150 Pit Road, Daytona Beach, Volusia County, Florida, open to invitees, including the Plaintiff herein.

5. Venue is proper in this Court as the Defendant conducts its business operations within Volusia County, Florida and the incident giving rise to this action occurred in Volusia County, Florida.

6. On or about April 17, 2024, Plaintiff was lawfully on Defendant's premises located at the above address.

7. At said time and place, Plaintiff was a guest at Defendant's premises, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for his safety.

8. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a) Negligently failing to maintain or adequately maintain its display chairs, thus creating a hazard to invitees utilizing said display chairs, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b) Negligently failing to inspect or adequately inspect the display chairs as specified above, to ascertain whether the display chairs that were poorly maintained constituted a hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    c)     Negligently failing to inspect or adequately warn the Plaintiff of the danger of the display chairs when Defendant knew or through the exercise of reasonable care should have known that said display chairs were unreasonably dangerous and that Plaintiff was unaware of same;

    d)     Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the display chairs, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

    e)     Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the display chairs and other dangerous conditions;

    f)     Negligently failing to train and/or inadequately training its employees to inspect the display chairs on the premises from dangerous conditions;

    g)     Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition as well as inspection and routine maintenance of the display chairs from such dangerous conditions;

    h)     Negligently failing to act reasonably under the circumstances;

    i)     Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and,

    j)     Negligently failing to render aid to the Plaintiff after his injury and/or negligently rendering aid to the Plaintiff after his injury.

9. On April 17, 2024, Plaintiff sat down on Defendant's display chair and immediately, the display chair collapsed to the concrete floor, causing the Plaintiff to sustain personal injuries.

10. As a direct and proximate result of Defendant's negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition,

expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.   The Plaintiff will suffer or incur injuries, expenses and impairment in the future.

WHEREFORE the Plaintiff, BILLIE HATFIELD, demands judgment for damages, fees, costs, prejudgment interest, and any other relief this Court deems appropriate against the Defendant, COSTCO WHOLESALE CORPORATION.

## DEMAND FOR JURY TRIAL

Plaintiff, BILLIE HATFIELD, demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 11th day of September, 2024.

>  */s/Christopher Conoly*
> CHRISTOPHER CONOLY, ESQUIRE
> FBN: 97855
> Morgan & Morgan, P.A.
> 20 N. Orange Avenue, Suite 1600
> Orlando, FL 32801
> Telephone: (689) 219-2025
> Facsimile: (689) 219-2125
> cconoly@forthepeople.com
> conolypleadings@forthepeople.com
> ndoro@forthepeople.com
> tara.soldano@forthepeople.com
> Counsel for Plaintiff